**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR LANN PITTMAN, Petitioner, v. ROBERT HERNANDEZ, Warden Respondent. | Civil No. 09-2412 DMS (PCL) **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**VENUE**

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). It is unclear where Petitioner is presently confined and Petitioner does not specify where his state court conviction occurred. Thus, it is currently unclear whether this Court has jurisdiction in this matter. Petitioner must tell the Court where he is

incarcerated and where suffered the conviction which he seeks to challenge in this matter.

**FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell,* 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Zichko v. Idaho,* 247 F.3d 1015, 1020-21 (9th Cir. 2001). Here, the Petition contains no allegations and incomprehensible supporting facts including "healthcare, manager/chials[sic]. medical officer." (Pet. at 6.)

In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). The Court finds that the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly* state all grounds for relief using the First Amended Petition form sent to Petitioner with this order.

//

//

//

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

//

//

//

 > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

**FAILURE TO SIGN PETITION**

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has failed to sign the Petition.

//

**CONCLUSION**

Based on the foregoing, the Court **DISMISSES** the petition for failure to (1) satisfy the filing fee requirement, (2) allege venue is proper in this Court, (3) state a cognizable claim for relief, (4) allege exhaustion of state judicial remedies, and (5) sign his Petition. If Petitioner wishes to proceed with this case, he must submit, **no later than January 5, 2010,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee, AND a First Amended Petition that cures the deficiencies outlined above. *The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application, and a First Amended Petition form along with a copy of this Order*.

**IT IS SO ORDERED.**

**DATED: November 4, 2009**

**HON. DANA M. SABRAW**
**United States District Judge**